

**Signed and Filed: May 24, 2011**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                           ) Bankruptcy Case
                                ) No. 09-32339DM
DEMMIE BALAURO ACOSTA,          )
                                ) Consolidated for
                                ) Administration Only
                      Debtor.   ) with Case No. 09-32340DM
_____)
                                  Chapter 11
```

MEMORANDUM DECISION REGARDING PAYMENT OF
REAL ESTATE BROKER'S COMMISSIONS

I. <u>Introduction</u>

Debtor Demmie B. Acosta ("Debtor"), Marcus & Millichap Real Estate Investment Services, Inc. ("M&M"), Mark A. Mason ("Mason") and John M. Antonini ("Antonini") have asked the court to allow payment in full of real estate commissions in connection with Debtor's sales of real property on 17th Street ("17th Street Property") and 18th Street ("18th Street Property"; together "the Properties") in San Francisco even though the court authorized broker, M&M, did not comply with this court's order prohibiting it from representing both the seller (Debtor) and any buyer of the Properties. For the reasons explained below, the court will allow payment of one-half of the commissions due on the sales of each of the Properties, and subordinate the other half until creditors of

these affiliated debtors have been paid in full.[1]

II. Discussion[2]

On March 11, 2011, the court signed and on March 14, entered an Order Authorizing Employment Of Broker ("Employment Order") regarding the Properties.  That order specifically recited that the Debtor is authorized

> . . . to employ [M&M] as Real Estate Broker ("Broker") to list and sell or lease the Debtor's [Properties] . . . .

The order was submitted by Debtor's counsel and the court added the following:

> Broker may not represent buyer in connection with the listing authorized by this order.  See 11 U.S.C. § 327(a).[3]

As part of the Debtor's application to obtain the Employment Order, Mason submitted a declaration wherein he recited that he was a real estate agent at M&M, that he described as "Broker".  He then recited that he understood Debtor desired to retain Broker to

---

[1] M&M, in response to an invitation from the court, suggested by letter of May 16, 2011, that all commissions be paid other than one-half of its share (described as the "house side") of the two commissions otherwise payable to M&M and thereafter to be shared between Mason and Antonini.  The court rejects that suggestion for the reasons explained in the text.

[2] The following discussion constitutes the court's findings of fact and conclusions of law.  Fed. R. Bankr. P. 7052(a).

[3] Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

-2-

perform the specific brokerage services.[4]

Notwithstanding the limitation on M&M's employment as Debtor's broker, Antonini, another agent employed by M&M, represented Paul Kraaijvanger as purchaser of the Properties. Antonini and Mason exchanged offers and counter-offers on the 18th Street Property.

At a hearing on April 22, 2011, the court considered the 18th Street Property sale. It noted that Mason and Antonini were both agents with M&M and that therefore M&M had violated the Employment Order. Nevertheless it approved the sale, but directed that the real estate commission claimed by M&M would be withheld pending further order. The court entered an order on May 10, 2011, approving the sale of the 18th Street Property (Docket No. 502).

At a hearing on May 13, 2011, the court orally approved the sale of the 17th Street Property to Mr. Kraaijvanger; as of the date of this Memorandum Decision, no order authorizing that sale has been submitted.

Thereafter, Debtor filed a request for payment of the commission due on the 18th Street Property sale. M&M filed a Memorandum of Points and Authorities and a supporting declaration of Mason with reference to the commissions due on both Properties. The issues are identical and the court thus treats all papers as relevant to the commissions due on both sales.

In support of the requests, counsel for M&M offered a declaration of Mason wherein he recites his twenty-two years

---

[4] The declaration also noted that M&M had been employed in connection with Debtor's efforts to sell three other properties in the San Francisco bay area.

-3-

experience as a real estate agent and claims to have believed that the reference to "Broker" in the Employment Order referred only to him personally, and not to M&M. This statement is contrary to Mason's previous declaration and the court is not prepared to write it off as a "layperson's mistake" as counsel for M&M has suggested. Antonini independently filed a declaration describing how he and Mason are fellow agents at the same broker, that they work independently of each other as separate agents, and that the 18th Street Property transaction was strictly arms-length and subject to extensive and vigorous negotiations. Antonini did not say whether he knew or did not know of the court's prohibition against dual representation by M&M, so the court makes no finding in that regard.

M&M did not file a declaration of any responsible officer or licensed broker, but did file a memorandum conceding that an error had been made and that M&M should not have represented both buyer and seller. It adds that "this confusion will not happen again", an important assurance given that M&M is the listing broker on other properties Debtor owns.

Despite the conflicted representation by the two agents at the same brokerage, the following facts are undisputed: the efforts of M&M, Mason and Antonini benefitted the estate (assuming the two sales close). The prices were fair and reasonable. Further, Mason and Antonini acted in good faith. There is no hint of fraud or collusion. But M&M did not oversee its obligations as the listing broker and make sure its agents complied with the Employment Order in order to avoid the obvious conflict of interest addressed in section 327(a) and in the Employment Order.

-4-

Finally, Debtor's counsel may not have known specifically that Antonini was employed by M&M but because he played a significant role in bringing the sales of the Properties before the court, he should have noticed that the underlying agreement for the sale of the 18th Street Property did not identify a separate brokerage representing the buyer and he should have appreciated the distinction between the role of the broker of record and the role of the participating agents and either sought relief from the Employment Order or otherwise avoided the awkwardness of the court having to intervene to enforce its Employment Order.

California allows dual agency but it does not prohibit a seller or buyer from requiring that there be no dual agency in connection with a particular listing. While M&M is a prominent and respected real estate brokerage and perhaps is the best situated in San Francisco to handle sales such as these, it had the option of declining the engagement if it felt that a prohibition on dual agency was not appropriate. The court's order, by citing § 327(a) of the Bankruptcy Code, effectively prohibited dual agency; that prohibition was neglected by all who should have known better, leaving the court itself forced to insist on compliance with its order.

Throughout this case Debtor has contended that she is solvent and hopes to pay her creditors in full. That is a worthwhile goal, and indeed may come to pass. But it may not. Because the court views the provisions of section 327(a) of the Bankruptcy Code as part of the implementation of the fiduciary duties a Chapter 11 debtor has to her creditors, it will use its discretion

and limit M&M's fees at present (therefore the fees to be shared with Mason and Antonini) to what they would have received if a private seller had insisted upon a prohibition against dual agency. In other words, had M&M complied with the Employment Order, it would have likely shared one-half of the 5% commission payable on each of the two sales with another broker. Thus, the court will authorize M&M to be paid a commission of 2-1/2% of the selling price if and when each of the two sales close. Rather than tell M&M that it must forfeit a portion of the "house side," the court prefers to let M&M deal with its own agents and to share with them the allowed commissions as it determines. The court will not engage in evaluating the relative responsibilities of M&M, Mason and Antonini for the problems that have arisen. That is their problem, not the court's or the Debtor's.

If Debtor is able to pay her creditors in full, then the need to invoke the fiduciary rules of the bankruptcy law is less critical, and Debtor will be free to pay conflicted real estate professionals then as she has sought to do now. The court will not disallow the remaining one-half of the two real estate commissions on the sales, but simply subordinate them such that they may be paid to M&M (and shared as M&M determines) if and when creditors have been paid in full.

III. Conclusion

Counsel for Debtor should submit a form of order directing payment of one-half of the reserved commission on the 18th Street Property to M&M upon close of escrow, with the remaining half to be treated as proceeds of sale subject to existing liens, and providing further that if and when creditors are paid in full in

this case, Debtor should pay an amount equal to the other one-half commission to M&M.  In connection with the order to be presented in connection with 17th Street Property, the same provisions for payment of the real estate commission should be included in the form of order.

**END OF MEMORANDUM DECISION**

| | |
|---|---|
| 1 | SERVICE LIST |
| 2 | |
| 3 | John M. Antonini |
| | Marcus & Millichap |
| 4 | 750 Battery Street, Fifth Floor |
| | San Francisco, CA 94111 |

-8-